**The ESTATE of Beverly M. O'BRIEN, Plaintiff,**

v.

**James WILKINS, Fannye L. Sapp, and Delores Wilson, in their capacity as employees of the State of Florida, Defendants.**

**No. GCA 80–0064.**

United States District Court, N. D. Florida, Gainesville Division.

April 15, 1981.

---

Ralph J. Humphries, Jacksonville, Fla., for plaintiff.

Mitchell D. Franks, Asst. Atty. Gen., Dept. of Legal Affairs, Tallahassee, Fla., for defendants.

## ORDER OF DISMISSAL

HIGBY, District Judge.

The Estate of Beverly O'Brien sues under Title 42, United States Code, Section 1983, for damages due to her death in a State owned and operated institution for the mentally ill and retarded. According to the complaint Ms. O'Brien was voluntarily admitted to the institution. The complaint's allegations can be fairly characterized as alleging gross negligence in the care she received and that the negligence caused her death. The complaint also contained a pendent State tort claim. The Defendants have moved to dismiss the complaint for failure to state a claim. The motion is granted.

■ Title 42, United States Code, Section 1983, creates a federal cause of action for deprivation by state action of "any rights, privileges, or immunities secured by the Constitution and laws." This provides a remedy for all forms of state officials' violations of federally protected rights. *Maine v. Thiboutot*, 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980). The issue in this case is whether deprivation of a federally protected right has been alleged.

The plaintiff relies upon the theory of *Harper v. Cserr*, 544 F.2d 1121 (1st Cir. 1976). That opinion concludes a 1983 cause of action exists for people voluntarily committed to a state institution if their status is such that they have no meaningful opportunity to leave that institution. *See, also, Jones v. Houser*, 489 F.Supp. 795 (E.D.Mo. 1980). That theory, to date, has not been adopted by the Fifth Circuit Court of Appeals. Even under the rationale of *Harper* the Plaintiff has failed to state a cause of action. The complaint does not allege sufficient helplessness on the part of Ms. O'Brien to fit within the 1983 cause of action articulated by the First Circuit. This complaint specifically alleges continuing attention and protection by Beverly O'Brien's parents, which removes her from the totally helpless class.

■ I do not, however, accept the holding in *Harper*. The plaintiff in this case has been unable to specify a federally protected right of which Ms. O'Brien was deprived. The First Circuit, in fact, was able to do no better than say there must be some right grounded in the due process clause or the Eighth Amendment entitling helpless state wards to at least the same living conditions as prisoners. I cannot find that a sufficient articulation of a federally protected right to justify a 1983 lawsuit. The complaint in this case alleges a tort under state law and

nothing more. The commission of a state tort simply because it is done by a state official does not amount to a 1983 cause of action. *Hall v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976).

Without the 1983 claim, there is no jurisdictional basis for the pendent state claim. Therefore the complaint in this case is dismissed.

DONE AND ORDERED this 15th day of April, 1981.